**Larry Donell MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–86–334–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 9, 1987.

Marshall D. Brown, Jr., Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Larry Donell Miller (appellant) was convicted of burglary of a habitation and sentenced to fifteen years of confinement. In his only point of error, appellant contends that he was denied effective assistance of counsel. We agree with his contention and reverse the judgment of the trial court.

At 12:00 midnight on December 1, 1985, Harold Aniekwe (Aniekwe) on his way to his apartment noticed that his neighbor's light was on. He became suspicious because he knew the occupant, Lawrence Edokapai (Edokapai), worked at night. Aniekwe testified he saw appellant when he looked into the window. Appellant, upon seeing Aniekwe, ran away. Aniekwe then testified that later in the week he recognized appellant again when he saw appellant in another apartment in the same complex. Aniekwe called the police and picked appellant out of a photo spread. The appellant was later arrested. Lela Hawkins, appellant's girlfriend, testified that appellant was sleeping with her during the night of December 1.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) the Supreme Court devised a two part test for use in analysis of claims of ineffective assistance of counsel. The defendant must first show that counsel's performance was so deficient that he was not functioning as counsel as guaranteed under the Sixth Amendment. *Id.* 104 S.Ct. at 2064–65. In making this finding, the reviewing court is to make a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that the trial counsel's challenged action constitutes sound trial strategy. *Id.* at 2065–66. The individual States have great latitude to define what constitutes reasonable professional assistance. *See Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 994, 89 L.Ed.2d 123 (1986). Texas courts have stated that reasonable representation must be determined in the setting of the totality of the representation afforded the accused, rather than by isolated acts or omissions of trial counsel. *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Crim.App.1986). This additional requirement is necessary to distinguish sound trial strategy from deficient representation. *See Thomas v. State*, 693 S.W.2d 7 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Upon a finding of deficiency of counsel, the conviction is reversed if such deficiencies were prejudicial to the defense. *Strickland*, 104 S.Ct. at 2064–65. The defendant is prejudiced if a reasonable probability exists that the outcome would have been different if the accused had reasonably effective counsel. *Id.* at 2068.

Trial counsel committed many harmful acts that could not have constituted trial strategy. During voir dire, trial counsel kept on asking if he was making anyone mad. Finally, the following exchange occurred:

DEFENSE COUNSEL: This man's charged with the offense of burglary of a habitation. Look at him. Does he look like he's done something? Have I made anybody mad yet? Have I? Hold up your hand if I have. Anybody mad?

JUROR: I'm a little bit.

DEFENSE COUNSEL: Give me your name and number.

JUROR: I'm No. 27. My name is Eric Newman.

DEFENSE COUNSEL: Would you hold that against Mr. Miller?

MR. NEWMAN: I believe that if I would hear both sides of the story, whether you speak or not, what you said right now, I believe it would be difficult for me to sit because I have felt you have not gotten directly to the point and have just skirted around the issues. If you're going to do that in your defense of this guy right here, I feel that I would have partiality against you.

DEFENSE COUNSEL: You, sir, do you just want to go home?

MR. NEWMAN: Me?

DEFENSE COUNSEL: Yes.

MR. NEWMAN: No, I would like to see what goes on. I'm not trying to get out of here, if that's what you're meaning, sir.

DEFENSE COUNSEL: What's your number again?

MR. NEWMAN: 27

DEFENSE COUNSEL: I thought it was another number. You're trying to make me know you, aren't you?

MR. NEWMAN: No. I was trying to answer your question.

DEFENSE COUNSEL: Hold it.

MR. NEWMAN: Let me make a statement.

DEFENSE COUNSEL: No.

Although Mr. Newman was excused, this colloquy evidences trial counsel's conduct of the voir dire.

At trial, trial counsel made arguments that had no basis in the record. First, he suggested that since Edokapai and Aniekwe were both from Nigeria, that Aniekwe was running around with Edokapai's wife. He also noted that the reason Edokapai's wife was not here was because she was a white woman. Aniekwe testified that he did not know Edokapai or his wife very well. These allegations could not have been helpful in a burglary case.

Trial counsel made the following argument:

This man is up here and I kept thinking. Well, he's Nigerian. He's from Nigeria. —You know, a man swinging from limb to limb with a banana or coconut in one hand. That doesn't mean something to a guy like that. We don't know where he's from. We don't know a lot about these people. We do know they got tribal marks on their face. You don't deal with enough Nigerians to know that, but they sashay in here and they sneak around. We're here to get the truth. If that's what they want, Lord Almighty, let's do it right. . . . He wants you to think because we're Americans that we're stupid. He put all this crap together and he wants you to send this man to the joint on that. And you call this a fair trial? Let him go back where he came from. Let him swing on limbs and eat bananas and coconuts and be happy. That's what you have before you.

We hold that this type of argument is calculated to damage appellant's cause. It cannot be considered a reasonable trial strategy.

During the punishment phase of the trial, counsel finally discovered that the trial judge had represented the appellant for a previous offense. Counsel surely should have been aware of this fact. He had a duty to make a reasonable investigation which he failed to do.

We note that in viewing the entire record, trial counsel committed many more errors. The aggregate of errors caused appellant prejudice. The trial consisted basically of two witnesses. Aniekwe stated that appellant committed the burglary, and Hawkins testified that he could not have. Viewing the totality of the circumstances, we hold that without trial counsel's many errors, a reasonable probability exists that the outcome could have been different. We sustain appellant's point of error.

For the reasons set forth we reverse the judgment of the trial court.