Cook v. State 






AFFIRMED
SEPTEMBER 13, 1990

NO. 10-88-230-CR
Trial Court
# 23,105
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

GLEN DOUGLAS COOK,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 13th Judicial District Court
Navarro County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
On August 17, 1989, this court abated the appeal pending a
hearing in the trial court on Appellant's ability and capacity to
knowingly, intelligently, and voluntarily waive his right to
counsel and his ability to appreciate the practical disadvantages
of self-representation. The court determined that Appellant
knowingly, intelligently, and voluntarily desired to waive his
right to counsel and was able to appreciate the practical
disadvantages of self-representation. On October 19, this court
discharged Appellant's court-appointed counsel and authorized
Appellant to proceed pro se. Having received his pro se brief and
the State's response, the appeal is reinstated. 
Appellant is not entitled to dual representation. See Rudd v.
State, 616 S.W.2d 623, 625 (Tex. Crim. App. [Panel Op.] 1981). 
Therefore, only the points in the pro se brief, and not those
raised in the brief filed by his court-appointed counsel prior to
discharge, will be considered. 
Appellant was indicted for the aggravated sexual assault of a
child under fourteen. See TEX. PENAL CODE ANN. §22.021(1)(B)(I),
(2)(B) (Vernon 1989). The indictment also contained two
enhancement paragraphs. A jury found him guilty of the aggravated
sexual assault and assessed his punishment at ninety-nine years in
prison. Appellant complains that the evidence was insufficient to
support his conviction, and that he was ineffectively assisted by
his trial counsel. The judgment will be affirmed.
Point one is that the evidence was insufficient to support the
conviction. Specifically, Appellant complains that the State
failed to prove penetration beyond a reasonable doubt. When
reviewing a claim that the evidence was insufficient, the question
is whether, viewing the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Butler v. State,
769 S.W.2d 234, 239 (Tex. Crim. App. 1989).
A conviction for aggravated sexual assault is supportable on
the uncorroborated testimony of the victim if she was younger than
fourteen at the time of the offense. TEX. CODE CRIM. PROC. ANN.
art. 38.07 (Vernon Supp. 1990). Thus, to sustain its burden, the
State had to prove by at least the uncorroborated testimony of the
victim that: (1) Appellant by some means penetrated the sexual
organ of the victim; (2) the victim was not his wife; and (3) the
victim was younger than fourteen at the time of the offense. See
TEX. PENAL CODE ANN. § 22.021(1)(B)(i),(2)(B) (Vernon 1989).
Susan Longorio, who was ten-years-old at the time of trial and
who had never been married to Appellant, testified that on August
13, 1988, she and Darlene Belton were riding in Appellant's car. 
Appellant bought beer and wine and made them drink it. At one
point, Appellant, who was angry because Darlene would not "give him
some," took Susan out of the vehicle, put her on the trunk of the
car, and removed her panties. Susan claimed that while he held her
on the trunk Appellant penetrated her sexual organ with his finger. 
She then testified that Appellant "kept on hitting [her] in the
face" until she was finally able to escape and flee to the nearest
house.
Based on the victim's testimony, and in light of the record as
a whole, any rational trier of fact could have found the elements
of the offense beyond a reasonable doubt. Point one is overruled.
Appellant complains in point two that he was not effectively
assisted by his trial counsel. A defendant must prove ineffective
assistance by a preponderance of the evidence. Cannon v. State,
668 S.W.2d 401, 403 (Tex. Crim. App. 1984). In determining the
effectiveness of counsel, the test is whether, considering the
totality of the circumstances viewed at the time of counsel's
conduct, (1) the assistance was reasonably effective, and (2) if
the assistance was ineffective, whether the defendant was
prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 104
S.Ct. 2052, 2064-6580 L.Ed.2d 674 (1984); Miller v. State, 728
S.W.2d 133, 134 (Tex. App.--Houston [14th Dist.] 1987, pet. ref'd). 
Furthermore, a strong presumption exists that the attorney's
conduct falls within the wide range of professional assistance. 
Id.
Appellant's counsel conducted a thorough voir dire
examination, questioning the first thirty potential jurors in
detail. He actively cross-examined Susan and Bessie Tanner, the
woman who assisted Susan after her escape, about Susan's possible
intoxication. He called witnesses on Appellant's behalf, and
sought and was denied a continuance when a potential witness was
located. Furthermore, he argued earnestly at the conclusion of
both the guilt-innocence and punishment stages of the trial.
Although Appellant complains about his counsel's lack of
diligence, the record is devoid of any evidence to support his
assertions in that regard. In light of the record as a whole,
Appellant has failed to meet his burden of proving ineffective
assistance. See Miller, 728 S.W.2d at 134. Point two is overruled
and the judgment is affirmed.
 
                        
BOB L. THOMAS
DO NOT PUBLISHChief Justice