IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00221-CR

 

Gonzales Bail Bonds,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2001-3574-2

 



dissenting Opinion



 

            This appeal presents an issue that desperately
needs to be resolved for the “new” no evidence motion for summary judgment rule
to have the full benefit of its intended effect.  Tex. R.
Civ. P. 166a(i).  What does it
mean to have no evidence of a challenged element?

In this case, the Court is relying on an
inference that should not be relied upon. 
The evidence relied upon by the Court is from the documents in the trial
court’s case file.  The Court relies upon
the absence of any evidence in the case file to infer that no continuance was
ordered.  The Court states; “The file in
the Rodriguez case does not contain an order of the 54th District Court
continuing Rodriguez’s prosecution. . . Nor does the docket sheet reflect that
the 54th District Court signed such an order.” 
And then the Court’s faulty conclusion, “Thus, a fact issue remains on
the question of whether Rodriguez’s prosecution was continued by court order….”

But, wait!  There is no indication in this record that a
court order continuing this matter would normally appear in the case file.  Remember, the defendant was waiting to be
indicted for a felony by the grand jury. 
There is no showing that an order regarding grand jury proceedings,
continuing a matter from one term of the grand jury to the next, would appear
in an individual case file.  This is the
distinction between the absence of evidence on the one hand and evidence of a
negative on the other.  What Gonzales
needed to have evidence of is that there was no continuance.  All the record has in it is a void regarding
this issue.

The critical distinction between the result in
this case and Acevedo is that in Acevedo, the bondsman introduced the
orders which listed the names of the defendants whose cases were carried over
from one term of court to the next.  The
court noted that, “The case against Punjabi was carried over by order of the
court from the July/August 1995 term of court to the September/October and to
the November/December 1995 terms of court. 
Punjabi’s name did not appear on the list of cases continued into the
January/February 1996 term of court.  On January 10,
 1996, Punjabi was
indicted by the Bexar County Grand Jury….” 
Acevedo v. State, 17 S.W.3d 775,
776 (Tex. App.—San Antonio 2000, pet. ref’d).

In this case, the orders regarding the cases
continued from one term of court to the next were not presented as summary
judgment evidence by Gonzales.  Without
some evidence of what cases were carried over, all we are left with is
nothing--nothing to show that the prosecution was continued, nothing to show
that the prosecution was not continued. 
Without showing that something should be there, you cannot properly draw
an inference from the presence of nothing. 
In this case, nothing equals no evidence.  Because it was Gonzales’s burden in response
to a no-evidence summary judgment motion to present some evidence on each
element of its affirmative defense, and it failed to do so, the trial court
correctly rendered judgment forfeiting the bond.

Based upon the forgoing, I would affirm the
summary judgment.  Because the Court does
not, I respectfully dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting opinion delivered and filed August 25,
 2004








 





THE COURT: What is your law objection, sir?
[APPELLANT'S COUNSEL]: That he's being argumentative
rather than asking a question. He's not seeking to illicit
facts, your Honor.
THE COURT: Overruled.
Q. Is there anybody in authority, that being the district
attorney's office and any police agency in Freestone County,
Texas, that's heard about Mr. Sandel's involvement in this
before today?
[APPELLANT'S COUNSEL]: I object because the defendant
had no duty to discuss this matter with anybody in law
enforcement after the charges were filed, your Honor.
THE COURT: Overruled your objection.
Appellant's objection at trial does not comport with his point
on appeal. An objection raised on appeal will not be considered if
it is different from the objection made at trial. Pyles v. State,
755 S.W.2d 98, 116 (Tex. Crim. App. 1988). Appellant's sixth point
is overruled.
Officer Coy stated his opinion that the equipment and
chemicals found in Appellant's van were used to manufacture
amphetamine. In his seventh point, Appellant argues that the court
erred when it admitted Coy's opinion testimony over his objection. 
Rule 702 of the Rules of Criminal Evidence, which governs the
admissibility of expert testimony, provides: "If scientific,
technical, or other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue, a
witness qualified as an expert by knowledge, skill, experience,
training, or education, may testify thereto in the form of an
opinion or otherwise." TEX. R. CRIM. EVID. 702. Furthermore,
opinion testimony which is otherwise admissible is not
objectionable "because it embraces an ultimate issue to be decided
by the trier of fact." Id. at 704. Coy's opinion testimony was,
therefore, proper. However, assuming that the testimony was
improper, any error was cured when Appellant testified that he had
"a pretty good idea" about what the chemicals and equipment were
used for, and that "ya'll done come to the point that the only
thing you can use those chemicals for is amphetamine." See Womble
v. State, 618 S.W.2d 59, 62 (Tex. Crim. App. [Panel Op.] 1981). 
Point seven is overruled.
Appellant's eight point is that the court erred when it
allowed him to be questioned about an alleged extraneous offense. 
The point relates to the following exchange:
Q. When did you first meet Officer Coy?
A. Officer who?
Q. Coy.
A. I never met no Officer Coy.
Q. The guy that testified earlier today.
A. The black-headed guy?
Q. Yeah.
A. I never met him.
Q. He said he had been in your house.
A. Yeah. He's been to my house probably one night when a
raid come down. They all raided my house one night looking
for a lab because they had followed me from a load back or
somehow or another. The whole deal was a mess. But there
wasn't, you know--he never made no, phew, discovery of no lab. 
I never met that man.
Appellant waived any error when he failed to object as soon as
grounds for the objection became apparent. See Thompson v. State,
691 S.W.2d 627, 635 (Tex. Crim. App. 1984). Furthermore, because
Appellant volunteered the information that his house had been
raided, he cannot complain on appeal. See Webb v. State, 760
S.W.2d 263, 269 (Tex. Crim. App. 1988). Point eight is overruled.
In point nine, Appellant asserts that the court erred when it
ordered that his eight-year sentence run consecutively with his
thirty-five-year sentence. He relies on section 3.03 of the Penal
Code, which provides that when an accused is found guilty of more
than one offense arising out of one transaction the sentences for
the offenses run concurrently. See TEX. PENAL CODE ANN. § 3.03.
(Vernon 1974).
Section 3.02 provides that several offenses may be joined in
one trial if the state files a written notice at least thirty days
prior to trial that the offenses arose out of the same episode. 
Id. at § 3.02. However, when the state does not comply with
section 3.02, the prohibition against cumulation of sentences
contained in section 3.03 does not apply. Caughorn v. State, 549
S.W.2d 196, 197 (Tex. Crim. App. 1977). Here, because the State
did not comply with section 3.02, section 3.03 is inapplicable. 
Normally, the trial judge has absolute discretion to cumulate
sentences. Smith v. State, 575 S.W.2d 41 (Tex. Crim. App. [Panel
Op.] 1979). Point nine is overruled because section 3.03 does not
apply, and because the court did not abuse its discretion when it
ordered that the sentences run consecutively.
Finally, Appellant complains in point ten that he was
ineffectively assisted by his trial counsel. A defendant must
prove that his counsel's assistance was ineffective by a
preponderance of the evidence. Cannon v. State, 668 S.W.2d 401,
403 (Tex. Crim. App. 1984). In determining the effectiveness of
counsel, the test is whether, considering the totality of the
circumstances viewed at the time of counsel's conduct, (1) the
assistance was reasonably effective, and (2) if the assistance was
ineffective, whether the defendant was prejudiced thereby. 
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064-65, 80
L.Ed.2d 674 (1984); Miller v. State, 728 S.W.2d 133, 134 (Tex.
App.--Houston [14th Dist.] 1987, pet. ref'd). Furthermore, there
exists a strong presumption that the attorney's conduct falls
within the wide range of reasonable professional assistance. Id.
Appellant was indicted in three cases. His trial counsel
filed a motion for discovery and inspection of evidence in all
three cases. He was active in challenging prospective jurors for
cause, and in making objections throughout the trial. 
Specifically, each time the State attempted to introduce into
evidence an item seized from Appellant's van, he objected that the
item was seized in violation of Appellant's constitutional rights. 

Appellant points to three examples of what he claims was
ineffective assistance: (1) allowing his prior conviction to be
brought before the jury although the court had previously ruled
that it was not final; (2) allowing the prosecutor to make improper
arguments during the punishment phase; and (3) failing to object to
his cross-examination by the State. The State explains that when
Appellant was asked whether he had any final convictions, he
answered "yes." Therefore, the defense strategy became making
Appellant, who answered the question incorrectly and then changed
his mind, a credible witness. Furthermore, a possible trial
strategy could have been to let the prosecutor argue without
unnecessary interruption because constant interruption makes
Appellant look as if he has something to hide.
In light of the record as a whole, Appellant has failed to
meet his burden of proving that his counsel's assistance was not
reasonably effective. See Miller, 728 S.W.2d at 134. The tenth
point is overruled. The judgment is affirmed.



                    
BOB L. THOMAS
 DO NOT PUBLISHChief Justice