# NO. 12-07-00478-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES RYAN HALL,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Charles Ryan Hall appeals his conviction for assault and raises four issues on appeal. We affirm.

### BACKGROUND

Appellant does not challenge the sufficiency of the evidence. Briefly, the evidence at trial showed that Appellant assaulted his wife after he discovered that another man had filed a lawsuit claiming to be the father of a child Appellant and his wife were raising as their own. Appellant was found guilty of assault and given a probated sentence. This appeal followed.

### CONDUCT OF THE TRIAL

In his first issue, Appellant argues that the trial court made impermissible comments on the weight of the evidence by sustaining objections and striking questions when the State had not objected or asked that the questions be stricken.

**Applicable Law**

In making rulings on the admissibility of evidence, a trial court judge may not comment on the weight of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979). A trial court also may not make a remark calculated to convey to the jury the judge's opinion of the case.

*Id*.  The trial court may exercise reasonable control over the mode of interrogating witnesses so as to make the interrogation effective for the ascertainment of the truth, to avoid needless consumption of time, and to protect witnesses from harassment or undue embarrassment.  TEX. R. EVID. 611(a).

**Facts**

Appellant complains specifically of nine instances where the trial court sustained objections that the State did not make.  The witnesses called by the State included the complaining witness, her mother, and two police officers.  Despite the relatively short witness list, there were many disputes between the parties as to the propriety of various questions and as to the admissibility of certain evidence.  We set out the colloquies relevant to Appellant's complaint below:

Instance 1

| | |
|---|---|
| [Appellant's counsel]: | It's a pretty strong motivation to lie about it, isn't it. |
| [State]: | Objection. |
| The Court: | Sustain.  That's argument. |
| [Appellant's counsel]: | You know what will happen if you acknowledged that you had discussed this case, don't you?  The Judge just told you, didn't he? |
| The Court: | Sustain the objection. That's argument. |

Instance 2

| | |
|---|---|
| [Appellant's counsel]: | So you can't help this jury.  If one of these two people is lying, she said he did.  He says not guilty.  You can't help this jury make that decision because you weren't there to know, were you? |
| The Court: | Sustain the objection.  Disregard the question. |
| [Appellant's counsel]: | Okay.  You weren't there, were you? |
| [Witness]: | I was there at the end of it. |

Instance 3

| | |
|---|---|
| [Appellant's counsel]: | Okay.  If you weren't there, then all you can do is speculate based upon a one–witness statement; isn't that right, sir? |
| The Court: | Sustain the objection.  That's argument.  Disregard the question. |
| [Appellant's Counsel]: | Judge, there's been no objection made. |
| The Court: | I sustain it. |

Instance 4

[Appellant's counsel]:     Okay.  But you want to bring it up and talk about it, don't you?

The Court:     Sustain the objection.  Disregard the remark of the defense counsel.


Instance 5

[Appellant's Counsel]:     Do you have any conclusive evidence of any kind that other than the statement of somebody with a whole lot of purpose behind her, do you have any – –

The Court:     Sustain the objection.


Instance 6

[Appellant's counsel]:     So you've done more than refresh your tunnel vision since then, haven't you, sir?

The Court:     Sustain the objection.  Disregard the question.[1]


Instance 7

[Appellant's counsel]:     Isn't it possible, sir, that while she resisted the defendant over a telephone that as the telephone was retrieved by Mr. Hall, the telephone might have grazed the cheek of [the witness] thereby inflicting the red spot on her cheek?

[The State]:     Object to speculation.  I object to this whole line of questioning.

The Court:     Sustained.  Disregard the questions, Jurors.

[Appellant's counsel]:     Isn't it possible, Officer, based upon an incomplete investigation –

[The State]:     Objection, argumentative.  Objection to morbid [sic] speculation.  Object to his testifying.

The Court:     I sustain.  I sustain the objection.  Disregard the statement of defense counsel.

[Appellant's counsel]:     The red mark could have appeared on her face even by a self–inflicted —

The Court:     Sustain the objection.  Disregard the statement of defense counsel.


Instance 8

[Appellant's counsel]:     Now, if your daughter says that he voluntarily went out the front door because she wanted to try to get him out of the living room, who's correct?

The Court:     Sustain the objection.  Disregard the question.

---

[1] The court had just sustained two objections based on a "tunnel vision" line of questioning as being argumentative.

Instance 9

| | |
|---|---|
| [Appellant's counsel]: | Are you surprised that a man would be angry and irate when confronted with the fact that his wife had lied to him repeatedly about her infidelity and lied to him about a relationship and lied to him about a court proceeding, deceptively kept from him?  Are you surprised? |
| The Court: | Sustain the objection.  Jurors disregard the question. |
| [Appellant's counsel]: | Don't you believe it's within human nature to react to adverse circumstances when they are thrust on you in that kind of a circumstance? |
| [State]: | Object to speculation. |
| The Court: | Sustained.  Disregard the question, jurors. |

## Analysis

We think it uncontroversial to state that, ordinarily, a trial court does not sustain objections and strike questions when a party does not ask for that relief.  The State argues that Appellant has not preserved this complaint because he did not make a contemporaneous objection.  *See* TEX. R. APP. P. 33.1.

Appellant made efforts to get relief from the trial court.  Instances one through five occurred on the first day of trial.  Counsel remarked at least one time that there had not been an objection, and at the end of that day stated that he wished to make an objection to the trial court's manner of conducting the trial.  The next morning, trial counsel made a "motion" with respect to the trial court's conduct.  Counsel stated that he felt that the trial court's conduct "became a comment on the weight of the evidence."  However, counsel did not request specific relief.  He did not ask the trial court to refrain from sustaining further objections or to admonish the jury.  In sum, counsel stated, "It might well be cured by instruction, and you have attempted to do so, but I don't believe that anybody in the jury is aware of the fact that the Court is not sua sponte on its own to rule on objections that have not been requested or voiced by opposing counsel."  The trial court denied this motion, but it is unclear what relief Appellant was seeking.

With respect to the instances that had happened to that point, Appellant did not seek a mistrial, nor did he ask that the jury be admonished.  *See **Fletcher v. State***, 960 S.W.2d 694, 701 (Tex. App.–Tyler 1997, no pet.) (instruction by the judge to disregard any comment made by him is sufficient to cure any error).  The only essential requirement to preserve a complaint is that the

party make a timely, specific request that is refused by the trial court. *See **Cruz v. State***, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). Appellant did not make a request for relief from the trial court's actions that occurred on the first day, and so he has not preserved a complaint about those actions. *See **Mestiza v. State***, 923 S.W.2d 720, 724 (Tex. App.–Corpus Christi 1996, no pet.) (objection necessary to preserve complaint).[2] Appellant's complaint could be understood to be a request that the court not continue its actions. As such, he may have preserved a complaint about the trial court's actions on the second day.

Even if any or all of the complaints are preserved, we are not persuaded that the trial court's conduct expressed to the jury an opinion on the weight of the evidence. The trial was contentious. Both sides objected frequently to the other's questions. The trial court had to specifically admonish both sides to refrain from making side bar comments. Several of the times that the trial court sustained unmade objections, specifically the first, sixth, seventh, eight, and ninth instances, the court had just sustained similar objections actually made by State. In the second instance, counsel was able to ask essentially the same question immediately after the objection was sustained. Furthermore, it appears that the trial court may have been anticipating objections that were about to be made, or that the prosecutor was in the process of standing to make an objection.

The trial court sustained a number of Appellant's objections, although it did not sustain any objections Appellant did not make. It appears that the trial court was attempting to control two aggressive lawyers. We are not persuaded that the trial court exceeded its inherent authority to regulate the conduct of the trial pursuant to rule 611. In cases in which an appellate court has found this kind of error in the rulings or statements of the trial court, the court had made actual comments on the evidence. For example, in ***Blue v. State***, the trial court told the jury that they had had to wait because the defendant was trying to decide whether to plead guilty, that defense attorneys may have an obligation to present false testimony, and that very few defendants had been found not guilty over the jurist's forty year career. ***Blue v. State***, 41 S.W.3d 129, 134–35 (Tex. Crim. App. 2000).

---

[2] In ***Blue v. State***, 41 S.W.3d 129, 134–35 (Tex. Crim. App. 2000), a plurality of the court reversed a conviction on the basis of trial court comments to which there had not been an objection. The plurality concluded that the trial court's conduct constituted fundamental error, although there was a difference of opinion as to how to evaluate the error. *Id*. at 135, 139. Appellant does not argue that the actions of the trial court constitute fundamental error.

The trial court may have too quickly anticipated objections in this case, but it did not express an opinion on the evidence as the court did in the **Blue** case. *See also **Simon v. State***, 203 S.W.3d 581, 592 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (court erred by introducing factual matters not in evidence and by expressing its opinion regarding the parties' positions). Instead, we conclude that this case is more like a recent case in which the trial court invited the state to make objections. ***Bogany v. State***, No. 01-07-00050-CR, 2007 Tex. App. LEXIS 10074, at *16 (Tex. App.–Houston [1st Dist.] Dec. 20, 2007, pet. ref'd) (mem. op., not designated for publication). In that case, as here, the trial court acted within its discretion to move the trial along. We overrule Appellant's first issue.

## CROSS EXAMINATION

In his second issue, Appellant argues that the trial court erred in curtailing his cross examination of a witness.

## Analysis

The Sixth Amendment to the United States Constitution guarantees the right to cross examine witnesses. Counsel for Appellant was examining a police officer and asked a series of questions to which the trial court sustained objections. After several objections had been sustained, the trial court instructed Appellant's counsel that he must "ask a relevant question or you [will] have passed the witness." Counsel then asked another question, and the following colloquy occurred:

[Appellant's Counsel]: Your honor, why can't I have an instruction to this witness to answer the question straightforward [sic], please.

The Court: He answered the question, sir.

[Appellant's Counsel]: Has he?

The Court: Yes.

[Appellant's Counsel]: I disagree, Your Honor. I want a Bill of Objection [sic].

The Court: All right.

[Appellant's Counsel]: I want a Bill of Review.

The Court: Witness has been passed. Any other questions. No other questions, sir. You are finally excused. You may go.

6

We cannot conclude from this record that the trial court curtailed Appellant's cross examination of the witness. The trial court announced that it was executing on its previously stated intent to treat the witness as passed if a relevant question was not asked. But it is not clear that counsel was not finished with his questioning. Appellant did not object or seek to ask additional questions, and he did not make an offer of proof of the evidence he sought to bring out. This is required to preserve a complaint about a limitation of evidence, in part because an appellate court cannot determine if the excluded evidence is relevant and admissible. *See* TEX. R. EVID. 103(a)(2); ***Warner v. State***, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998). Accordingly, we cannot conclude that Appellant has preserved this complaint or that the trial court limited Appellant's cross examination of the witness. We overrule Appellant's second issue.

## DISPARATE TREATMENT

In his third issue, Appellant argues that the court treated his counsel and the State's attorney differently. He argues that this violates his right to a fair trial as guaranteed by article 2.03(b), Texas Code of Criminal Procedure.

Article 2.03(b) provides that it is the duty of the trial court, the attorneys, and all peace officers to conduct themselves in such a way as to insure a fair trial for both sides, not to impair the presumption of innocence, and afford the public the benefits of a free press. TEX. CODE CRIM. PROC. ANN. art. 2.03(b) (Vernon 2005). Appellant concedes that his trial counsel would not abide by the trial court's instructions and continued to ask irrelevant questions after being cautioned by the trial court. The only specific instance where he complains that article 2.03(b) was violated was when the trial court permitted counsel for the State to remain standing after a series of aggressively asserted questions and objections. After making an objection, counsel for the State indicated that he would just remain standing, ostensibly to make objections to the questions that were to follow. Appellant's counsel asked the trial court to require him to sit down, or to free counsel to move from the podium. The trial court declined to grant either request.

We fail to see how this deprived Appellant of a fair trial. As we noted in the first section, both parties made a number of objections. The trial court sustained many of Appellant's objections, including those where he was not specific as to the basis for his objection. The trial court denied requests from both sides to approach the bench, and required the prosecutor to remain seated at other

7

times when he tried to remain standing. While other measures might have been effective to remedy the problem, we conclude that allowing an attorney to stand in anticipation of objections, especially given the number of questions that Appellant now concedes were improper, was not outside the trial court's broad discretion to manage the conduct of the trial. We overrule Appellant's third issue.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth issue, Appellant argues that he was denied his right to effective assistance of counsel because his attorney was "so antagonistic to the Trial Court, the witness, [and] the Attorney for the State" that he did not receive a fair trial.

### Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See **Strickland***, 466 U.S. at 688, 104 S. Ct. at 2065; ***McFarland v. State***, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

The second step requires the appellant to show prejudice from the deficient performance of his attorney. *See **Hernandez v. State***, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must show that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See **Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068. Appellant has the burden of proving ineffective assistance of counsel. *See **id***.

### Analysis

Appellant complains that counsel failed him in three main areas. First, he argues that counsel persisted in asking questions after objections had been sustained and asked irrelevant questions "which could only prejudice" him. Second, counsel made closing arguments in which he made the unusual claim that his personal credibility was confirmed "in black and white" by the court's jury charge, called the complaining witness a liar, wondered why she would have an affair and not use contraceptives, argued that she had lied, and stated that in his personal opinion "[t]hose are the two worst cops I've ever seen."

Third, counsel was late to court on one occasion. Counsel was to be in court on the second

8

day of trial at 8:15 a.m. Shortly after 8:21 a.m., the trial court summoned the jury into the courtroom and informed them that "[w]e're missing one. The State and defendant made it here plenty early. They were here long before they were supposed to. Just relax." Counsel arrived at 8:33 a.m, and the court excused the jury. Trial resumed a short time later, and the trial court did not make further mention of counsel's tardiness to the jury.

The Supreme Court has recognized that counsel may operate within a wide range of tactical choices. In *Yarborough v. Gentry*, 540 U.S. 1, 10–11, 124 S. Ct. 1, 6–7, 157 L. Ed. 2d 1 (2003), while conceding that the defendant's lawyer was no "Aristotle or even Clarence Darrow," the Court held that a lawyer who said that his client may be a "bad person, lousy drug addict, stinking thief, [and a] jailbird . . ." did not render ineffective assistance of counsel because such a course of action is "precisely the sort of calculated risk that lies at the heart of an advocate's discretion."

Similarly, in *Florida v. Nixon*, 543 U.S. 175, 192, 125 S. Ct. 551, 581, 160 L. Ed. 2d 565 (2004), the Court held that counsel was not ineffective for conceding that his client was guilty in the guilt phase of a death penalty trial after he had told his client of his plan and not received a response. By contrast, Appellant cites *Miller v. State*, 728 S.W.2d 133, 135 (Tex. App.–Houston [14th Dist.] 1987, pet. ref'd), in which trial counsel appeared to be trying to antagonize the jury panel and then ascribed racist and bizarre motivations to the witnesses. The court held that such tactics were not a reasonable strategy. *Id*. Similarly, in *Ex parte Guzmon*, 730 S.W.2d 724, 733 (Tex. Crim. App. 1987), the court of criminal appeals found no strategic value in an attorney referring to his client using a racial slur.

We think this case is much closer to *Yarborough* and *Nixon* than it is to *Miller* and *Guzmon*. The evidence supporting Appellant's guilt was strong. His wife called the police moments after being assaulted, and had a mark on her face. Her mother was a witness to some of the events between the two. Appellant returned to the scene after the police arrived and was in such a rage that they had to restrain him. We need look no further than counsel's own statement at the sentencing hearing to discern the motivation for his unorthodox approach to the trial. At the sentencing hearing he told the court, "You know, if there ever was a case for jury nullification, this should have been it." This is consistent with counsel's strategy at trial. He barely asserted that Appellant did not assault his wife. Instead, he attempted to shift the focus to what he called incomplete police work

and to Appellant's wife's activities.

Another attorney might have sought to shift the focus from unhelpful facts in another way. But counsel's attempt to turn the focus of the trial to the conduct of the police or the complaining witness or his own skirmishes with the trial court, while distasteful, is not outside the calculated risks ordinarily undertaken by defense counsel and did not deprive Appellant of the assistance of counsel. Furthermore, we cannot conclude, because of the state of the record, that Appellant did not agree with this course of action after consultation with his attorney. In fact, the complaining witness concluded that Appellant had agreed to counsel's course of action, and she sent him a text message after the first day of trial to ask why he had allowed his attorney to act in such a way.

With respect to arriving at court late, we conclude that this was an isolated incident. Furthermore, it was, according to counsel, an accident. He told the trial court that the alarm system at his office had been changed and he had trouble getting into the office. And counsel certainly could not anticipate that the trial court would bring the jury into the courtroom and inform them that he was late and that everyone else had been on time.

After considering the record as a whole, we hold that counsel's strategy and tactics were within the wide range of choices available and did not serve to deprive Appellant of his right to counsel. Furthermore, the evidence of Appellant's guilt is strong, and we conclude that Appellant has not shown that he was prejudiced by counsel's actions. We overrule Appellant's fourth issue.

## DISPOSITION

Having overruled Appellant's four issues, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)