Catherine WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–90–00018–CR.

Court of Appeals of Texas,
El Paso.

Aug. 19, 1992.

Norbert J. Garney, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for State.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, Justice.

A jury convicted Catherine Williams, Appellant, of burglary of a habitation. At punishment, the jury was instructed that if they answered "True" to two or more of the habitualization paragraphs, punishment should be assessed at imprisonment of no less than 25 years nor more than 99 years or life. Having answered "True" to three of such paragraphs, the jury assessed punishment at 30 years' imprisonment as habitualized. In four points of error, Appellant seeks review of the trial court's judgment. Two of such points assert Appellant was denied effective assistance of counsel, and the remaining two points challenge the sufficiency of the evidence. We reverse the judgment of the trial court and remand the cause for a new trial on punishment.

▪ Appellant challenges the sufficiency of the evidence to support the bur-

glary conviction in Point of Error No. Four. Since the result of such a point of error, if sustained, would require us to order the trial court to enter an acquittal, we will address it first. In applying the proper standard of review, we are constrained to view all the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime as alleged in the application paragraph of the charge to the jury beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 159 (Tex.Crim.App.1991); *Bustillos v. State,* 832 S.W.2d 668, 670 (Tex.App.—El Paso, 1992, pet. filed). Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. *Stoker v. State,* 788 S.W.2d 1, 6 (Tex.Crim.App.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). Nor do we resolve any conflict of fact, weigh the evidence or assign credibility to the witnesses as such functions are solely in the province of the jury. *Juarez v. State,* 796 S.W.2d 523, 524 (Tex.App.—San Antonio 1990, pet. ref'd). Instead, an appellate court is only "to determine if any rational trier of fact could have, based on the evidence admitted at trial, found the essential elements of the offense beyond a reasonable doubt." *Fernandez v. State,* 805 S.W.2d 451, 456 (Tex. Crim.App.1991).

The evidence admitted at trial illustrates Appellant and others were caught by complainant while they were in the process of burglarizing his home. The complainant recognized one male subject by name as someone he had known for a long while. Appellant and her cohorts had driven a station wagon into the complainant's backyard, forcibly pried open a sliding rear door to the home and began carrying numerous items from the house to the station wagon. As the complainant drove in his driveway and noticed the burglary in process, the suspects attempted to escape in the station wagon, but the complainant blocked their only possible escape route. Consequently, the suspects exited the station wagon, fled

through the backyard on foot and escaped over a rock wall into an adjoining irrigation ditch. Appellant was arrested a few days later and confessed in a statement given to police. The confession was very detailed and tended to strongly corroborate the complainant's version of the facts.

Appellant argues the evidence is insufficient to establish that entry was made without the owner's consent because there was no direct proof thereof. The point is without merit because the Court of Criminal Appeals has held "proof of lack of consent to the entry and taking of personal property in prosecutions for burglary with intent to commit theft ... may be made by circumstantial evidence...." *Taylor v. State*, 508 S.W.2d 393, 397 (Tex.Crim.App. 1974). Furthermore, we find the evidence in the instant case directly proves the nonconsensual entry. The prosecutor asked the complainant whether he gave "anyone consent to be in [his] house?" The complainant answered in the negative. Appellant's argument amounts to nothing more than semantics as to a distinction, if any, between "entry" made without consent and whether consent had been given to be "in" the house in face of the evidence that entry was gained by force. Moreover, we perceive no qualitative distinction in that a lack of consent to enter is implicit when Appellant admitted in her confession that "one of the guys said that he knew where there was a house that we could break into." Since any rational trier of fact could have found from the record beyond a reasonable doubt the essential element of nonconsensual entry, Point of Error No. Four is overruled.

■ In Points of Error Nos. One and Two, Appellant asserts "[t]he conviction is void"[1] because counsel was ineffective during voir dire and at trial, respectively. Because *Banks v. State*, 819 S.W.2d 676 (Tex. App.—San Antonio 1991, pet. ref'd) succinctly illustrates the standard applicable to

such claims, we quote the following excerpt.

A defendant in a Texas criminal case is entitled to reasonably effective assistance of counsel. In *Strickland v. Washington*, [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674], the United States Supreme Court held that in order to show ineffective assistance of counsel, a convicted defendant must (1) show that his trial counsel's performance was deficient, in that counsel made such serious errors he was not functioning effectively as counsel; and (2) show that the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. In this connection, a strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. 'Prejudice,' however, is demonstrated when the convicted defendant shows 'a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different.' A reasonable probability is a probability sufficient to undermine the confidence in the outcome.

The *Strickland* standard has been adopted in Texas for resolving allegations of ineffective assistance of counsel under both the federal and state constitutions. Whether the *Strickland* standard has been met is to be judged by the "totality of the representation" rather than by isolated acts or omissions of the trial counsel, and the test is applied at the time of the trial, not through hindsight. The burden of proving ineffective assistance of counsel by a preponderance of the evidence rests upon the convicted defendant. Allegations of ineffective assistance will be sustained only if they are firmly founded. The fact that another attorney might have pursued a different course of action at trial will not support a finding of ineffectiveness. The partic-

---

1. Even though ineffective assistance of counsel constitutes trial error, such an allegation, if established, does not render the conviction "void". Rather, ineffective assistance of counsel renders the conviction invalid requiring a new trial if

counsel's deficient performance undermines confidence in the outcome. *See generally, Black v. State,* 816 S.W.2d 350, 356 n. 8 (Tex.Crim. App.1991).

ular facts and circumstances of each case must be considered in any claim of ineffective assistance. The *Strickland* standard has never been interpreted to mean that the accused is entitled to errorless or perfect counsel. [Citations omitted]. *Banks,* 819 S.W.2d at 681. Having reviewed the entire record, it would serve no useful purpose to expound at length upon the numerous errors of trial counsel. For illustrative purposes, we note the following as an example of counsel's woefully deficient performance. During voir dire by Appellant's trial counsel, the following transpired.

> COUNSEL: My client has been charged with the indictment as a habitual—
>
> COURT: [Counsel], you'd better—Let's approach the bench.

Outside the presence of the jury, the trial court tersely admonished counsel that voir dire was a time to qualify the veniremembers to serve on the jury without regard to potential punishment issues. Specifically, the judge explained, "if you get *into the punishment part of this trial at this* time concerning the habitualization, you are making a terrible, terrible mistake." Subsequently, the following colloquy occurred.

> COUNSEL: Your Honor, when you read the indictment, are you not going to read the whole indictment?
>
> COURT: [Counsel], have you ever tried a criminal case before?
>
> COUNSEL: Yes, sir.
>
> COURT: Have you ever tried a criminal case that's been enhanced or habitualized?
>
> COUNSEL: Not habitualized, sir. I've tried an enhanced.
>
> COURT: Well, it's the same thing. You don't read the—anything except the initial indictment. Now, you ought to know that. Now, I'm going to tell you if you get into it, what's going to happen to you is that sometime later you're going to be charged with inef-

fective assistance of counsel. Do you understand that?

> COUNSEL: Yes, sir.
>
> COURT: So, you'd better watch what you're doing and I'm going to tell you now if you don't know what you're doing, you'd better come up here and put it on this record so I can get this lady another attorney because the mistakes made are going to be your mistakes.

While Courts of Appeals normally look to the totality of representation including the particular circumstances of the case on review, it is possible that a single error, if of sufficient magnitude, can constitute ineffective assistance of counsel. *Ex parte Felton,* 815 S.W.2d 733, 736 (Tex.Crim.App. 1991). Since counsel either misunderstood or was ignorant of the distinction between the guilty/not guilty and punishment phases of a trial, his representation during the jury selection process could not possibly be considered as the exercise of reasonable professional judgment. *See Black,* 816 S.W.2d at 356. Inasmuch as the voir dire process is designed to insure the seating of an intelligent, alert, disinterested and impartial jury, we conclude that the single error illustrated above which potentially tainted the entire venire[2] is of sufficient magnitude to constitute ineffective assistance of counsel. *See generally, Delrio v. State,* 820 S.W.2d 29, 31–32 (Tex.App.—Houston [14th Dist.] 1991, pet. granted).

Suffice it to say, counsel's performance cannot, in any sense, be said to have been within the broad range of reasonably competent assistance. This determination, however, does not end the review. We must next ascertain whether counsel's deficient performance prejudiced the defense to the extent that confidence in the outcome of the trial is undermined.

Appellant argues she was harmed by counsel's unartful attempt to inform the venire of the distinction between innocence and not guilty. She also claims counsel's indication to the venire that she was a

---

**2.** We note the honesty of one venireman who, outside the presence of the entire venire, told the court he could no longer be impartial know-ing that Appellant was a "habitual". This individual was not seated on the jury.

habitual offender prejudiced her defense. In support of the harm proposition, Appellant analogizes *Miller v. State*, 728 S.W.2d 133 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd), and asserts she suffered similar harm which required a reversal. We disagree. In *Miller*, defense counsel openly antagonized a member of the jury panel in a protracted fashion and flagrantly argued beyond the scope of proper summation. The Houston Court concluded that the specified errors combined with numerous other errors gave rise to a reasonable probability that, absent such errors, the outcome of the trial would have been different.

As set out above, the facts of the instant case include testimony of the complaining witness who caught Appellant and others burglarizing his home. His testimony entailed an identification of one suspect as an acquaintance of his, how he prevented the suspects' station wagon from leaving and a description of his backyard where the suspects fled over a rock wall. After Appellant's arrest a few days later, she confessed giving a detailed account of the activities which preceded the burglary including how one suspect knew the complainant. Additionally, Appellant told how entry was made, how the complainant blocked their attempted escape in the station wagon and how she and the other suspects fled from the backyard over a fence. Thus, the two stories are virtually identical with the result that the evidence of Appellant's guilt is overwhelming, and the second prong, harm analysis in the instant case is distinguishable from the facts presented in *Miller*. In face of such overwhelming evidence, we are not persuaded that but for trial counsel's errors the result of the trial would have been different. *See Black*, 816 S.W.2d at 357–58; *Solis v. State*, 792 S.W.2d 95, 100 (Tex.Crim.App.1990); *Holland v. State*, 761 S.W.2d 307, 320 (Tex. Crim.App.1988).[3] As a result, we overrule Points of Error Nos. One and Two.

■ In Point of Error No. Three, Appellant challenges the sufficiency of the evidence to support the jury's finding that she had been convicted of two prior felonies and that the second of such prior felonies was committed after a final conviction was obtained on the first prior felony as required by Tex.Penal Code Ann. § 12.42(d) (Vernon Supp.1992). The standard of review as to the sufficiency of the evidence in the punishment phase of a trial is the same as applied to the sufficiency of the evidence at the guilty/not guilty phase. *See Amos v. State*, 819 S.W.2d 156, 161 (Tex.Crim. App.1991); *Valdez v. State*, 776 S.W.2d 162, 166 (Tex.Crim.App.1989). As previously stated, this standard requires us to view all the evidence admitted at trial in a light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements in the application paragraph of the jury charge beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318–19, 99 S.Ct. at 2789, 61 L.Ed.2d at 573; *Geesa*, 820 S.W.2d at 159; *Fernandez*, 805 S.W.2d at 46.

In the punishment phase charge, the jury was required to find beyond a reasonable doubt whether, prior to the instant burglary offense, Appellant had been finally convicted of forgery in El Paso, Texas. The jury was further instructed to ascertain whether Appellant had also been finally convicted of forgery in Dona Ana County, New Mexico prior to commission and conviction of the Texas forgery. The jury answered "True" to each of these questions. Thus, the jury was constrained to assess punishment as per the following instruction:

> [I]f you have answered 'True' to two or more of the Paragraphs Two, Three and/or Four of the indictment you will assess punishment of the defendant at confinement in the Texas Department of Corrections for any term of years not less than twenty-five (25) or more than ninety-nine (99) years VERDICT FORM 'J' or life VERDICT FORM 'K.'

3. See also *Trybule v. State*, 737 S.W.2d 617, 620 (Tex.App.—Austin 1987, pet. ref'd) (wherein trial court similarly stated in the record that trial counsel was ineffective, but overwhelming evidence whitewashed counsel's deficient performance).

In response to this instruction, the foreperson signed VERDICT FORM "J" after the jury assessed punishment at confinement in the Texas Department of Corrections for a period of 30 years.

Appellant argues the evidence is insufficient to prove that the New Mexico forgery conviction was final prior to commission and conviction of the Texas forgery. The evidence adduced at the punishment hearing demonstrated the New Mexico conviction was final on December 23, 1986. The State's witness testified that the Texas forgery was committed on January 14, 1986, and that the conviction for that offense was final on April 22, 1987. Thus, the evidence plainly illustrates the Texas offense was committed prior to, and not after, the New Mexico conviction was final. As a result, no rational trier of fact could have found beyond a reasonable doubt the essential element that the Texas offense was committed after the New Mexico conviction became final as required by the jury charge and Tex.Penal Code Ann. § 12.42(d). Pursuant to Tex.R.App.P. 81(b)(2), we must next ascertain whether this error contributed to the punishment assessed. *See Harris v. State*, 790 S.W.2d 568, 585 (Tex.Crim. App.1989).

In so doing, we are to consider the extent to which the nature and the degree of the error interfered with the integrity of the jury's orderly evaluation of the facts and proper application of the law to the case. *See Id.* at 587–88. The nature of the error was the finding of subsequently committed multiple felonies. The degree of this error led to the jury's improper application of the law to the punishment to be assessed. Had the jury habitualized the conviction by only one prior conviction as was proper in the instant case, the minimum sentence would have been 15 years as opposed to 25 years. Without invading the province of the jury, we are unable to determine how many years above the minimum allowable sentence the trier of fact would have deemed appropriate under the facts of the instant case. Thus, we are unable to conclude beyond a reasonable doubt that the error did not contribute to the punishment assessed, and Point of Error No. Three is sustained.

Having sustained Point of Error No. Three, we reverse judgment and remand the cause to the trial court for a new trial on punishment only, pursuant to Tex.Code Crim.Pro.Ann. art. 44.29(b) (Vernon Supp. 1992). *See Ex parte Klasing*, 738 S.W.2d 648, 650–51 (Tex.Crim.App.1987), *aff'd after remand*, 812 S.W.2d 322.