Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




BRENDA IRENE SIDES,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-01-00401-CR


Appeal from the


382nd District Court


of Rockwall County, Texas


(TC# 2-01-135)



M E M O R A N D U M O P I N I O N



 This is an appeal from a conviction for the offense of possession of methamphetamine
in an amount of four grams or more but less than 200 grams. The court assessed punishment
at seven (7) years' imprisonment in the Institutional Division of the Texas Department of
Criminal Justice. We affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 On March 19, 2001, Investigator Pete Delgado and Investigator Steve Tigert were
dispatched to investigate complaints of the smell of burning marijuana emanating from room
219 at the Holiday Inn Express in Rockwall County, Texas. Their testimony indicated that
upon arrival outside the room, they detected the odor of marijuana and cologne. Tigert
knocked on the door, and, after several minutes, an individual named Scott Ely opened the
door. The officers asked if they could enter the room to talk to him and he agreed. As the
bathroom door was closed, Delgado knocked on the door and a female, Appellant, stated that
she was using the restroom. Several minutes later, she exited the bathroom. 

 The officers informed Ely and Appellant about the complaints of marijuana usage and
Ely stated that he had been using marijuana. A partially smoked marijuana cigarette was
observed on a footrest. Tigert asked for consent to search the room. Both Appellant and Ely
stated that there were no other drugs in the room and they could go ahead and search. As a
result of this search, the officers found a quantity of methamphetamine hidden in the room
as well as various items of drug paraphernalia. Appellant gave a written confession stating
that she was the only one responsible for the drugs in the motel room and that Ely had no
knowledge of them. 

 Scott Ely testified for Appellant at the defense portion of the trial. He stated that he
did not give consent to the officers to search the room, and he testified that the drugs found
were his alone. 

 During trial, Appellant's counsel made an oral motion to suppress the evidence. He
argued the illegality of the search in his opening statement and he questioned the officers
about the consensual nature of the search. Counsel objected to the admission of the
contraband on the grounds that the search was non-consensual, and he argued to the jury that
the officer's testimony regarding the consent search lacked credibility. Counsel did not
request a charge pursuant to Tex. Code Crim. Proc. Ann. § 38.23 (Vernon Supp. 2003). (1)

II. DISCUSSION


 In Appellant's sole issue, she maintains that he received ineffective assistance at trial. 
Specifically, she asserts that trial counsel provided ineffective assistance by failing to request
an instruction pursuant to Article 38.23. Successful claims of ineffective assistance of
counsel must first demonstrate that counsel was not functioning as guaranteed by the Sixth
Amendment in providing reasonably effective assistance. Strickland v. Washington, 466 U.S.
668, 687, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The second prong of this test requires
a showing that counsel's errors were so serious as to deprive Appellant of a fair trial, such
that there arises a reasonable probability that but for counsel's unprofessional errors, the
results would have been different. Reasonable probability is a likelihood sufficient to
undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S.Ct. at 2052, 80
L.Ed.2d at 698. Texas adopted this test in Wilkerson v. State, 726 S.W.2d 542, 548 (Tex.
Crim. App. 1986). See also McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App.
1992), cert. denied, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). The
constitutional right to counsel does not mean errorless representation. In order to meet the
constitutional standard, counsel must provide reasonably effective assistance. Wilkerson, 726
S.W.2d at 548. In reviewing these assertions, the totality of representation is examined as
opposed to focusing upon isolated acts or omissions. Ineffective assistance of counsel cannot
be established by isolating or separating out one portion of the trial counsel's performance
for examination. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986). In that
regard, this Court, on review, will not engage in hindsighted comparisons of how other
counsel, in particular, appellate counsel, might have tried the case. See Wilkerson, 726
S.W.2d at 548. A fair assessment of trial counsel's performance requires that every effort be
made to eliminate the distorting effects of hindsight, to reconstruct the circumstances at trial,
and to evaluate the conduct from counsel's perspective at the time. Stafford v. State, 813
S.W.2d 503, 506 (Tex. Crim. App. 1991). We must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonably professional assistance. The
Appellant must overcome the presumption that under the circumstances at trial, the
challenged action could be considered sound trial strategy. Strickland, 466 U.S. at 688-89,
104 S.Ct. at 2052, 80 L.Ed.2d at 693-95; Stafford, 813 S.W.2d at 506. Consequently,
allegations of ineffectiveness of counsel must be firmly founded by the record. Hawkins v.
State, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983); Mercado v. State, 615 S.W.2d 225, 228
(Tex. Crim. App. 1981). The burden is upon Appellant to establish ineffective assistance of
counsel by a preponderance of the evidence. Williams v. State, 837 S.W.2d 759, 761 (Tex.
App.--El Paso, 1992, no pet.).

 Initially, we note that Appellant did not file a motion for new trial and no hearing was
held regarding Appellant's ineffectiveness claim. In most instances, the record on direct
appeal is undeveloped and cannot adequately reflect the failings of trial counsel. Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). A defendant may rebut the
presumption of effectiveness by providing a record from which the appellate court may
ascertain that trial counsel's performance was not based on sound trial strategy. Parmer v.
State, 38 S.W.3d 661, 666 (Tex. App.--Austin 2000, pet. ref'd). A defendant may provide
that record by filing a motion for new trial and obtaining a hearing thereon based on
ineffective assistance of counsel. Id. Any error in trial strategy will be deemed inadequate
representation only if counsel's actions are without any plausible basis. Id. A record that
does not include any discernible explanation of the motivation behind trial counsel's actions
fails to establish whether his or her actions were of strategic design or were the result of
negligent conduct. Thompson, 9 S.W.3d at 813-14.

 However, Appellant argues that, in this instance, the record is adequate to demonstrate
her claim of ineffective assistance because the lack of consent to the search was a major part
of the trial strategy; therefore, the failure to request an Article 38.23 instruction could not be
a valid part of that strategy. We disagree.

 We are not inclined on this record to find that there is no plausible basis for the failure
to request an Article 38.23 instruction. We could speculate that trial counsel perceived a lack
of appreciation on the part of the jury for that aspect of the defense, or that counsel choose
to forgo what might be perceived as a legal technicality in lieu of Ely's assertions that the
contraband was his alone as the primary defensive posture. Without explanation of trial
counsel, we will not find that ineffective assistance of counsel was provided. Appellant's
Issue No. One is overruled.

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

October 17, 2003



 

 RICHARD BARAJAS, Chief Justice




Before Panel No. 4

Barajas, C.J., Larsen and McClure, JJ.


(Do not publish)
1. Article 38.23 provides:


 No evidence obtained by an officer or other person in violation of any provisions of the
Constitution or laws of the State of Texas, or the Constitution or laws of the United States of
America, shall be admitted in evidence against the accused on the trial of any criminal case. 


 In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it
believes, or has reasonable doubt, that the evidence was obtained in violation of the provisions of
this Article, then and in such event, the jury shall disregard any evidence so obtained.