Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



CHRISTINA AYALA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00270-CR

Appeal from the

34th Impact Court

of El Paso County, Texas

(TC# 20030D00018)




O P I N I O N

           This is an appeal from a jury conviction for the offense of possession of marijuana in
an amount of 2,000 pounds or less but more than 50 pounds. The court assessed punishment
at seven years in the Institutional Division of the Texas Department of Criminal Justice. We
affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           Customs Inspector April Aguirre testified that she was working at the Fabens, Texas
Port of Entry border crossing on December 3, 2002. She was familiar with most of the
bridge crossers because they regularly commuted to jobs in the Fabens area. At
approximately 6 a.m., a burgundy colored pickup truck driven by Appellant caught her
attention because Aguirre did not recognize her as a regular crosser. When Appellant was
asked to declare her citizenship, she stated “American” and avoided eye contact with the
inspector. Appellant said that she was not bringing anything from Mexico and that the truck
belonged to a friend in Guadalupe, Mexico. Aguirre testified that Appellant was trying to
avoid eye contact and appeared anxious to leave. The inspector noticed that Appellant did
not have lunch or a water bottle with her in the truck which was unusual for the average
commuter.
           It appeared to Aguirre that the camper shell on the pickup truck was unusually thick
and she told Appellant to drive to a secondary inspection lane. She told other inspectors that
Appellant had avoided eye contact and told them to investigate the unusual thickness of the
camper shell. The bolts holding the camper shell were loose and the shell was extremely 
heavy. Upon removal of the shell, it was discovered that it contained trap doors that had
been sealed with a substance called Bondo and then painted over. When the trap doors were
cut open, the inspectors discovered caches of marijuana. More bundles of marijuana were
discovered behind a bench seat in the bed of the truck. Appellant was placed in a detention
cell.
           Customs Inspector Derrick Roach was working with Inspector Aguirre at the port of
entry that morning. He performed the secondary inspection of Appellant’s truck. Appellant
stated to Roach that the truck belonged to her boyfriend, but she would not state his name. 
           El Paso County Sheriff’s Deputy Luis Rodriguez was dispatched to the bridge at
approximately 11 a.m. He met with the customs inspectors and learned that they had found
marijuana in the truck. He read the Miranda warnings to Appellant. He asked Appellant if
she was aware of why she was being detained and she stated, “I was stupid, and I wasn’t
getting paid for this.” The witness related that the marijuana weighed about 181 pounds. On
cross-examination, the witness was asked if Appellant told him that her boyfriend asked her
to drive the truck across the bridge and she did not know about any contraband being in the
truck. He denied that she made that statement to him.
           Johnny Paniagua, an investigator for the El Paso County Metro Narcotics Task Force,
testified that a drug smuggling organization would not entrust a first-time smuggler with such
a large load of contraband; rather, a person transporting such a load would have to be trusted
within the organization. He stated that the minimum street value of the marijuana would be
about $54,300.
II. DISCUSSION
           In Issue No. One, Appellant asserts that the evidence is legally insufficient to support
the conviction. In reviewing the legal sufficiency of the evidence, we must view the
evidence in the light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979);
Lacour v. State, 8 S.W.3d 670, 671 (Tex.Crim.App. 2000). The standard is the same for both
direct and circumstantial evidence cases. King v. State, 895 S.W.2d 701, 703
(Tex.Crim.App. 1995). We must evaluate all of the evidence in the record, whether it was
admissible or inadmissible. Wilson v. State, 7 S.W.3d 136, 141 (Tex.Crim.App. 1999);
Johnson v. State, 967 S.W.2d 410, 412 (Tex.Crim.App. 1998). We do not resolve any
conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this was
the function of the trier of fact. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App.
1992); Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991). Instead, our duty is to
determine whether if both the explicit and implicit findings of the trier of fact are rational by
viewing all the evidence admitted at trial in the light most favorable to the verdict. See
Adelman, 828 S.W.2d at 421-22. In doing so, any inconsistencies in the evidence are
resolved in favor of the verdict. Matson, 819 S.W.2d at 843. In reviewing the sufficiency
of the evidence, we review all of the evidence admitted at trial whether or not it was
improperly admitted. Miles v. State, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996).
           To prove unlawful possession of a controlled substance, the State must prove the
accused (1) exercised care, control, and management over the contraband, and that (2) the
accused knew the substance he possessed was contraband. Martin v. State, 753 S.W.2d 384,
386 (Tex.Crim.App. 1988); Nunn v. State, 640 S.W.2d 304, 305 (Tex.Crim.App. 1982);
Musick v. State, 862 S.W.2d 794, 798 (Tex.App.--El Paso 1993, pet. ref’d). The evidence
must affirmatively link the accused to the contraband by a showing which indicates the
accused’s knowledge and control of the contraband. Waldon v. State, 579 S.W.2d 499, 501
(Tex.Crim.App. 1979); see also Wiersing v. State, 571 S.W.2d 188, 190 (Tex.Crim.App.
1978). The burden of showing the affirmative link or links rests upon the State. Damron v.
State, 570 S.W.2d 933, 935 (Tex.Crim.App. 1978). Possession means more than being
where the action is; it involves the exercise of dominion and control over the thing allegedly
possessed. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985); Oaks v. State,
642 S.W.2d 174, 177 (Tex.Crim.App. 1982). Mere presence of the defendant at the scene
of the offense is not enough. Oaks, 642 S.W.2d at 177.
           Proof of a culpable mental state generally exists in circumstantial evidence. Gardner
v. State, 736 S.W.2d 179, 182 (Tex.App.--Dallas 1987), aff’d, 780 S.W.2d 259
(Tex.Crim.App. 1989). Thus, proof of knowledge is an inference drawn by the trier of fact
from all the circumstances. Dillon v. State, 574 S.W.2d 92, 94 (Tex.Crim.App. 1978); Trejo
v. State, 766 S.W.2d 381, 386 (Tex.App.--Austin 1989, no pet.). Knowledge can be inferred
from the conduct of and remarks by the accused and from circumstances surrounding the acts
engaged in by the accused. Sharpe v. State, 881 S.W.2d 487, 489 (Tex.App.--El Paso 1994,
no pet.).
           The fact that Appellant was alone in the vehicle she was driving serves as evidence
she exercised dominion or control over the vehicle in which the contraband was concealed,
and she may therefore be deemed to have possessed the contraband. Castellano v. State, 810
S.W.2d 800, 806 (Tex.App.--Austin 1991, no pet.); see United States v. Olivier-Becerril, 861
F.2d 424, 426 (5th Cir. 1988). Knowledge of the presence of contraband may be inferred
from control over the vehicle in which the contraband is concealed, particularly where the
amount of the contraband is large enough to indicate that the accused knew of its presence. 
Castellano, 810 S.W.2d at 806. Courts have cautioned, however, that when the contraband
is found in hidden compartments in a vehicle, reliance should not be placed solely upon
control of the vehicle to show knowledge. Id. Thus, we must look to additional factors
indicating knowledge such as circumstances indicating a consciousness of guilt on the part
of the defendant.
           In the present case, viewing the evidence in the light most favorable to the verdict, we
find that there is sufficient evidence to support the conviction. Appellant made that
statement that she was stupid and didn’t get paid. While this statement could be construed
as not indicating culpability, it is more logically interpreted to indicate that she was stupid
to take the load and not even get paid on top of that. We note also that Appellant avoided
eye contact with the inspector and the contraband cargo was valuable and there was
testimony that such a cargo would not be entrusted to Appellant if she were a mere innocent,
ignorant of all the details surrounding her responsibility and the importance of the cargo in
her care. See Menchaca v. State, 901 S.W.2d 640, 652 (Tex.App.--El Paso 1995, pet. ref’d). 
Having found the evidence to be legally sufficient to support the conviction, we overrule
Issue No. One.
           In Issue No. Two, Appellant contends that Appellant did not receive a fair trial due
to ineffective assistance of counsel. Successful claims of ineffective assistance of counsel
must first demonstrate that counsel was not functioning as counsel guaranteed by the Sixth
Amendment in providing reasonably effective assistance. Strickland v. Washington, 466 U.S.
668, 687, 693, 104 S.Ct. 2052, 2064, 2067, 2068, 80 L.Ed.2d 674 (1984). The second prong
of this test requires a showing that counsel’s errors were so serious as to deprive Appellant
of a fair trial, such that there arises a reasonable probability that but for counsel’s
unprofessional errors, the results would have been different. Reasonable probability is a
likelihood sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694,
104 S.Ct. at 2068. Texas adopted this test in Wilkerson v. State, 726 S.W.2d 542, 548
(Tex.Crim.App. 1986). See also McFarland v. State, 845 S.W.2d 824, 842-43
(Tex.Crim.App. 1992), cert. denied, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). 
The constitutional right to counsel does not mean errorless representation. In order to meet
the constitutional standard, counsel must provide reasonably effective assistance. Wilkerson,
726 S.W.2d at 548. In reviewing these assertions, the totality of representation is examined
as opposed to focusing upon isolated acts or omissions. Ineffective assistance of counsel
cannot be established by isolating or separating out one portion of the trial counsel’s
performance for examination. Bridge v. State, 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). 
In that regard, this Court, on review, will not engage in hindsighted comparisons of how
other counsel, in particular, appellate counsel, might have tried the case. See Wilkerson, 726
S.W.2d at 548. A fair assessment of trial counsel’s performance requires that every effort
be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances at
trial, and to evaluate the conduct from counsel’s perspective at the time. Stafford v. State,
813 S.W.2d 503, 506 (Tex.Crim.App. 1991). We must indulge a strong presumption that
counsel’s conduct falls within the wide range of reasonably professional assistance. The
Appellant must overcome the presumption that under the circumstances at trial, the
challenged action could be considered sound trial strategy. Strickland, 466 U.S. at 688-89,
104 S.Ct. at 2065; Stafford, 813 S.W.2d at 506. Consequently, allegations of ineffectiveness
of counsel must be firmly founded by the record. Hawkins v. State, 660 S.W.2d 65, 75
(Tex.Crim.App. 1983); Mercado v. State, 615 S.W.2d 225, 228 (Tex.Crim.App. 1981). The
burden is upon Appellant to establish ineffective assistance of counsel by a preponderance
of the evidence. Williams v. State, 837 S.W.2d 759, 761 (Tex.App.--El Paso 1992, no pet.).
           Initially, we note that Appellant did not file a motion for new trial and no hearing was
held regarding Appellant’s ineffectiveness claim. In most instances, the record on direct
appeal is undeveloped and cannot adequately reflect the failings of trial counsel. Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999). A defendant may rebut the
presumption of effectiveness by providing a record from which the appellate court may
ascertain that trial counsel’s performance was not based on sound trial strategy. Parmer v.
State, 38 S.W.3d 661, 666 (Tex.App.--Austin 2000, pet. ref’d). A defendant may provide
that record by filing a motion for new trial and obtaining a hearing thereon based on
ineffective assistance of counsel. Id. Any error in trial strategy will be deemed inadequate
representation only if counsel’s actions are without any plausible basis. Id. A record that
does not include any discernible explanation of the motivation behind trial counsel’s actions
fails to establish whether his or her actions were of strategic design or were the result of
negligent conduct. Thompson, 9 S.W.3d at 814.
           In the present case, Appellant maintains that the statement that Appellant made stating
that she was stupid and didn’t get paid was inadmissible and that trial counsel’s failure to
object to the testimony constituted ineffective assistance of counsel. However, even
assuming that the statement was inadmissible, without an explanation from trial counsel, we
will not reverse the cause on direct appeal on the record before us. Issue No. Two is
overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
May 12, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)