Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



FERNANDO ARREDONDO,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00004-CR

Appeal from the

210th District Court

of El Paso County, Texas

(TC# 20030D03099)




O P I N I O N

           This is an appeal from jury convictions for two counts of indecency with a child. 
The court assessed punishment at ten years’ community supervision and a $5,000 fine. 
We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           At trial, there was evidence from the two complainants that on June 10, 2003, at 4
p.m., they saw Appellant parked in his car while they walked down the street. He was
masturbating. It came out during the course of trial that one of the complainants had seen
Appellant committing indecent acts on three prior occasions. Appellant presented several
witnesses during his case-in-chief who stated that the above-mentioned complainant had
failed to identify Appellant on some of those prior occasions.
II. DISCUSSION
           In his sole issue, Appellant maintains that he received ineffective assistance of
counsel. Specifically, Appellant asserts that trial counsel was ineffective because he opened
the door to the evidence of the three prior instances of indecent conduct on the part of
Appellant.
           Successful claims of ineffective assistance of counsel must first demonstrate that
counsel was not functioning as counsel guaranteed by the Sixth Amendment in providing
reasonably effective assistance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct.
2052, 2064, 80 L.Ed.2d 674 (1984). The second prong of this test requires a showing that
counsel’s errors were so serious as to deprive Appellant of a fair trial, such that there arises
a reasonable probability that but for counsel’s unprofessional errors, the results would have
been different. Reasonable probability is a likelihood sufficient to undermine confidence in
the outcome. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. Texas adopted this test in
Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). See also McFarland v.
State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 963, 113 S.Ct.
2937, 124 L.Ed.2d 686 (1993). The constitutional right to counsel does not mean errorless
representation. In order to meet the constitutional standard, counsel must provide reasonably
effective assistance. Wilkerson, 726 S.W.2d at 548. In reviewing these assertions, the
totality of representation is examined as opposed to focusing upon isolated acts or omissions. 
Ineffective assistance of counsel cannot be established by isolating or separating out one
portion of the trial counsel’s performance for examination. Bridge v. State, 726 S.W.2d 558,
571 (Tex. Crim. App. 1986). In that regard, this Court, on review, will not engage in
hindsighted comparisons of how other counsel, in particular appellate counsel, might have
tried the case. See Wilkerson, 726 S.W.2d at 548. A fair assessment of trial counsel’s
performance requires that every effort be made to eliminate the distorting effects of
hindsight, to reconstruct the circumstances at trial, and to evaluate the conduct from
counsel’s perspective at the time. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 
1991). We must indulge a strong presumption that counsel’s conduct falls within the wide
range of reasonably professional assistance. The Appellant must overcome the presumption
that under the circumstances at trial, the challenged action could be considered sound trial
strategy. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065; Stafford, 813 S.W.2d at 506. 
Consequently, allegations of ineffectiveness of counsel must be firmly founded by the record. 
Hawkins v. State, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983); Mercado v. State, 615 S.W.2d
225, 228 (Tex. Crim. App. 1981). The burden is upon Appellant to establish ineffective
assistance of counsel by a preponderance of the evidence. Williams v. State, 837 S.W.2d
759, 761 (Tex. App.--El Paso 1992, no pet.).
           Initially, we note that while Appellant did file a motion for new trial, no hearing was
held regarding Appellant’s ineffectiveness claim. In most instances, the record on direct
appeal is undeveloped and cannot adequately reflect the failings of trial counsel. Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). A defendant may rebut the
presumption of effectiveness by providing a record from which the appellate court may
ascertain that trial counsel’s performance was not based on sound trial strategy. Parmer v.
State, 38 S.W.3d 661, 666 (Tex. App.--Austin 2000, pet. ref’d). A defendant may provide
that record by filing a motion for new trial and obtaining a hearing thereon based on
ineffective assistance of counsel. Id. Any error in trial strategy will be deemed inadequate
representation only if counsel’s actions are without any plausible basis. Id. A record that
does not include any discernible explanation of the motivation behind trial counsel’s actions
fails to establish whether his or her actions were of strategic design or were the result of
negligent conduct. Thompson, 9 S.W.3d at 814.
           On this record, Appellant has not rebutted the strong presumption of trial strategy. 
Accordingly, we overrule Appellant’s sole issue.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
 
                                                                  RICHARD BARAJAS, Chief Justice

October 13, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)