# NO. 12-07-00369-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CALVIN RAY FOX, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Calvin Ray Fox, Jr. appeals his conviction for burglary of a habitation. In one issue, Appellant argues that his trial counsel rendered ineffective assistance. We dismiss for want of jurisdiction.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation, a second degree felony.[1] The incident was alleged to have occurred on or about July 24, 2003. Appellant pleaded guilty to the offense charged in the indictment. Appellant and his counsel signed an agreed plea recommendation stating, in part, that he consented to the stipulation of evidence, judicially confessed to the offense alleged in the indictment, admitted that he committed each and every element alleged in the indictment, waived his time to file motions for new trial and in arrest of judgment, waived his right to appeal, and waived his right of trial by jury. This document was acknowledged by Appellant, his counsel, and the State's attorney. The trial court accepted Appellant's plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(a), (c)(2) (Vernon 2003).

on deferred adjudication community supervision for a period of ten years.[2]

On August 25, 2006, the State filed a motion to proceed with an "adjudication of guilt and sentence." The motion alleged that Appellant had violated the terms of his community supervision. Appellant pleaded "true" to each and every allegation contained in the State's motion and stated that all the allegations were "true and correct." After a hearing, the trial court found that the pleas of "true" were freely and voluntarily given, and adjudged Appellant guilty as charged of the offense of burglary of a habitation. The trial court later granted the State's motion, and assessed Appellant's punishment at ten years of imprisonment.[3] This appeal followed.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant argues that his trial counsel for his initial guilty plea rendered ineffective assistance. As such, Appellant contends, his plea was involuntary. Generally, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The two exceptions to this rule are (1) the "void judgment" exception and (2) the "habeas corpus" exception. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Because Appellant did not file a petition for a writ of habeas corpus, we do not consider this exception.

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, and thus the trial court has no jurisdiction over the defendant; (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law; (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived. *Id.* at 668. Thus, a judgment is void only in

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2008).

[3] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (Vernon 2003).

very rare situations. *Id.*[4]

Here, Appellant raises issues relating to his original plea proceeding including ineffective assistance of counsel and the voluntariness of his guilty plea. Because he raised these issues after his deferred adjudication community supervision was revoked, we may address them only if his conviction was "void." *See id.* at 667; *Manuel*, 994 S.W.2d at 661-62; *Few v. State*, 136 S.W.3d 707, 711 (Tex. App.–El Paso 2004, no pet.) . However, involuntary plea or ineffective assistance of counsel claims, even if meritorious, do not render a conviction void. *See Nix*, 65 S.W.3d at 669; *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001); *Williams v. State*, 837 S.W.2d 759, 761 n.1 (Tex. App.–El Paso 1992, no pet.). Appellant could have appealed from the order placing him on deferred adjudication and could have raised the voluntariness of his plea or ineffective assistance of counsel following his original plea hearing. *See Hanson v. State*, 11 S.W.3d 285, 288 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd). He failed to do so, and we are precluded from addressing his complaint now. *See Manuel*, 994 S.W.2d at 661-62. Accordingly, we are without jurisdiction to consider Appellant's sole issue.

## DISPOSITION

Because this court is without jurisdiction to consider Appellant's sole issue, we *dismiss* the appeal for want of jurisdiction.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 31, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[4] While the court of criminal appeals hesitated to call this an exclusive list, it described it as "very nearly so." *Nix*, 65 S.W.3d at 668.

3